UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY, as the Executor of
the Estate of Michael H. Doran, and on behalf of
all lawful beneficiaries of the Estate of Michael H.
Doran, deceased; and KEVIN SCHNIREL, as the
Administrator of the Estate of Matthew Schnirel,
in his own right, and on behalf of all lawful
beneficiaries of the Estate of Matthew Schnirel,
deceased,

                        Plaintiffs,
    v.                                                **DECISION AND ORDER**
                                                            11-CV-495S

CIRRUS DESIGN CORPORATION; CIRRUS
AIRCRAFT CORPORATION; AVIDYNE
CORPORATION; S-TEC CORPORATION;
COBHAM PLC; S-TEC CORPORATION d/b/a
COBHAM AVIONICS, INTEGRATED SYSTEMS;
MEGGITT PLC; GARMIN INTERNATIONAL, INC.;
GARMIN USA, INC., GARMIN LTD; UNIVERSITY
OF NORTH DAKOTA AEROSPACE
FOUNDATION; AND STEVEN KAPLAN, ,

                        Defendants.

## I.  INTRODUCTION

Plaintiffs commenced this action seeking damages for the deaths of their respective decedents, Michael H. Doran and Matthew Schnirel, in a plane crash on April 28, 2009. Defendants are the manufacturers, distributors, and retailers of the Cirrus SR-22 aircraft or parts thereof, and the providers of flight training to Doran, who was piloting the aircraft at the time of the crash.  Pending before this Court are Plaintiffs' Motion to Remand and the Motion of Defendants Cirrus Design Corporation and Cirrus Aircraft Corporation (collectively the "Cirrus Defendants") to Dismiss for failure to state a claim.  These motions

are fully briefed and the Court finds oral argument unnecessary. For the reasons that follow, Plaintiffs' Motion to Remand is granted in its entirety and the Cirrus Defendants' Motion to Dismiss is denied as moot.

## II. BACKGROUND

In 2008, the decedent of Plaintiff Christopher M. Murphy, Michael H. Doran, purchased the Cirrus-22 aircraft. (Complaint, Docket No. 1-1, ¶ 32). As alleged in the Complaint:

> As part of the purchase of the subject aircraft, plaintiff's decedent Michael Dolan received training from the Cirrus Defendants and/or [Defendant UND Aerospace Foundation ("UNDAF")[1]] in a similar Cirrus SR-22 aircraft on or about October 6th through 9th of 2008 in Duluth, Minnesota and subsequently received continuing training from defendant Kaplan, a certified Cirrus Standardized Instructor Pilot, in the Buffalo area.

(Compl. ¶ 40). On April 28, 2009, Doran was flying himself and Schnirel back to Buffalo from Cleveland, Ohio, in his Cirrus-22 aircraft. (Compl. ¶¶ 42, 46). The aircraft "entered the clouds and Instrument Meteorological Conditions" shortly after take-off, and within minutes began to make repeated turns off-course with rapid changes in flight altitude. (Compl. ¶¶ 46-49). The aircraft crashed minutes later, killing both Doran and Schnirel. (Compl. ¶¶ 47-53).

Plaintiffs commenced the instant action against Defendants[2] in New York State Supreme Court, Erie County, on April 26, 2011, asserting causes of action including strict products liability, negligence, breach of warranty, and breach of contract. (Compl. ¶¶ 60-

---

[1] This Defendant asserts that it was erroneously named as University of North Dakota Aerospace Foundation instead of UND Aerospace Foundation. (Docket No. 48).

[2] As reflected in this Court's December 15, 2011 Stipulation and Order (Docket No. 60), Plaintiffs have voluntarily dismissed without prejudice Defendants Cobham PLC, Meggitt PLC, and "S-Tec Corporation d/b/a Cobaham Avionics, Integrated Systems" from the case.

101).  The Cirrus Defendants removed the action to this Court, alleging federal jurisdiction existed based on diversity. (Notice of Removal, Docket No. 1).  The Cirrus Defendants then moved pursuant to Rule 12 (b)(6) to dismiss the Complaint for failure to state a claim. (Docket No. 10).  Plaintiffs moved to remand the action back to state court shortly thereafter. (Docket No. 27).

### III. DISCUSSION

This Court will first consider Plaintiff's Motion to Remand,[3] inasmuch as this motion raises the issue of subject matter jurisdiction, absent which this Court lacks the power to decide the Cirrus Defendants' Motion to Dismiss.  see Rhulen Agency, Inc. v Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).  Pursuant to 28 USC § 1441 (a), a defendant may remove an action commenced in state court to a federal district court where the district court has original jurisdiction over the matter.  Federal jurisdiction predicated on diversity of citizenship requires that all adverse parties be citizens of different states, and that no properly joined defendant be a citizen of the forum state. 28 U.S.C. §§ 1332 (a)(1); 1441 (b)(2); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001).  Nonetheless, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v RJR Nabisco, Inc., 138 F.3d 459, 460-461 (2d Cir. 1998).

---

[3] In support of their Motion to Remand (Docket No. 27), Plaintiffs submitted the Declaration of Hugh M. Russ, III, Esq., with Exhibits A-E (Docket Nos. 27-1, 27-2), and a supporting Memorandum of Law (Docket No. 27-3).  The Cirrus Defendants responded with an opposing Memorandum of Law (Docket No. 43), and the Affidavit of Patrick E. Bradley, Esq., with Exhibits A&B (Docket Nos. 43-1, 43-2). By way of reply, Plaintiffs submitted a Reply Declaraton of Hugh M. Russ, III, (Docket No. 56), and a reply Memorandum of Law (Docket No 56-1).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.

Id. at 461; see Brown v Eli Lilly and Co., 654 F.3d 347, 356 (2d Cir. 2011)(adhering to the requirement that there be no possibility that claims against the non-diverse defendant could be asserted in state court); Locicero v Sanofi-Aventis U.S. Inc., No. 08-CV-489S, 2009 WL 2016068, *2, 4 (W.D.N.Y. July 10, 2009)(this Court previously refused to apply a more lenient "no reasonable basis" standard). "[T]he federal court [considering a motion to remand] resolves any uncertainties in applicable state law in plaintiffs' favor and subjects the complaint to less searching scrutiny than on a motion to dismiss." Intershoe, Inc. v. Filanto S.P.A., 97 F.Supp.2d 471, 474 (S.D.N.Y. 2000); see Pampillonia, 138 F.3d at 461.

There is no dispute that Plaintiffs are both citizens of New York and all Defendants, with one exception, are corporate citizens of other states for diversity purposes. Compl. ¶¶ 2-6, 1, 13-16, 20-22, 26; see 28 U.S.C. § 1332 (c)(2)("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). It is also undisputed that Defendant Steven Kaplan is a New York citizen. Compl. ¶ 28; Answer of Steven Kaplan, Docket No. 27-2, ¶ 2. The Complaint asserts two causes of action against Kaplan, the first for negligent training and the second for breach of contract related to that training. Compl. ¶¶ 83-101. The Cirrus Defendants assert in their Notice of Removal that Kaplan was fraudulently joined because he was an agent of either the Cirrus Defendants or Defendant UNDAF and therefore cannot be held liable for his own nonfeasance under New York law. Notice of Removal ¶¶ 24-28. It was further

asserted therein that Plaintiffs' negligent training claim is essentially one for educational malpractice, a cause of action not recognized under New York law. Id. ¶ 29.

Initially, as Plaintiffs argue and the Cirrus Defendants have conceded in their opposition papers, this Court has already considered the issue of whether a negligent flight training claim constitutes an educational malpractice claim that is not recognized under New York law. Pl's Mem. of Law, Docket No. 27-3, at 1; Def's Mem. of Law in Opp'n, Docket No. 43, at 8 n 4. In In re Air Crash Near Clarence Center, New York, on February 12, 2009 (hereinafter "Clarence Center"), this Court recognized that, based upon the existent case law, "a New York court may find that the commercial, specialized training of airmen is not necessarily akin to the general education of children, and is unlikely to result in a glut of suits challenging the day-to-day implementation of educational policies." Nos. 09-CV-1039-1042, 1087, 2010 WL 5185106, *6 (W.D.N.Y. December 12, 2010)(determining that remand of certain related actions to state court was warranted). As further noted in that decision, "the New York Court of Appeals has explicitly stated that a cause of action resembling educational malpractice could possibly be pled within the strictures of a traditional negligence or malpractice action." Clarence Center, 2010 WL 5185106 at * 7, citing Donohue v. Copiague Union Free School Dist., 47 N.Y.2d 440, 443 (N.Y. 1979). The Cirrus Defendants do not point to any recent changes in New York case law on this issue, nor does this Court find any.

The Cirrus Defendants nonetheless argue that no cause of action lies against Kaplan inasmuch as he was acting as an agent of either the Cirrus Defendants or UNDAF. Def's Mem. of Law, at 8-14. In the Complaint, Plaintiffs allege that "[a]t all times material hereto UNDAF, the Cirrus Defendants, and Kaplan (collectively referred to as the 'Training

Defendants') were acting as the agents of each other, were involved in a joint venture, were the successor and assigns of each other, and/or were the alter egos of each other." Compl. ¶ 29.  Defendant Kaplan, however, denies this allegation in his Answer.  Kaplan Answer ¶ 3.  There is therefore a question of fact based on the pleadings whether Kaplan was acting on behalf of one of the other Defendants with that party's express, implied, or apparent authority at the time he provided flight training to Doran.  See Time Warner City Cable v. Adelphi Univ., 27 A.D.3d 551, 552 (N.Y. App. Div. 2d Dep't 2006)(an agency relationship "may be established by evidence of the consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act" (internal quotation marks omitted)).  Here, although the Complaint alleges that Kaplan was a "certified Cirrus Standardized Instructor Pilot," (Compl. ¶ 40), the record provides no illumination as to whether this certification involved an employment or other contractual relationship between Kaplan and the Cirrus Defendants at the time Doran received his training. Further, as Plaintiffs argue and the Cirrus Defendants concede, the causes of action against Kaplan are alternatively asserted against "the Training Defendants collectively, *and each of them individually*." Compl. ¶¶ 30, 89, 98; Pl's Mem of Law at 1-3; Def's Mem of Law at 7; see Compl. ¶ 89 ("The Training Defendants, *and each of them*, were negligent in failing to . . .") (emphasis added); ¶ 98 ("The Training Defendants, *and each of them*, failed to duly and properly perform their contractual obligations . . ." (emphasis added)).

Moreover, even if Kaplan was acting as an agent of another Defendant, "it is well settled that an agent can be held liable for his own negligent acts." Reliance Ins. Co. v. Morris Assocs., P.C., 200 A.D.2d 728, 730 (N.Y. App. Div. 2d Dep't 1994); see also

6

Zampatori v. United Parcel Serv., 125 Misc.2d 405, 410, 479 N.Y.S.2d 470, 473-474 (N.Y.Sup.Ct.1984)("[w]hether acting as an agent or as an independent contractor on behalf of the principal who hired him, a party may not escape liability simply because he was acting at the time at the behest of his principal").  An agent may be held liable for his or her own affirmative acts of negligence or wrongdoing, such as where the agent has "assumed responsibility, as if he were acting on his own account." Jones v. Archibald, 45 A.D.2d 532, 535 (N.Y. App. Div. 4th Dep't 1974).  Here, Plaintiffs have alleged that Kaplan, among other things, was negligent in that he failed to "train and/or instruct plaintiff's decedent, Michael H. Doran, in the proper operation of the Cirrus SR-22 aircraft" and relevant systems.  Compl. ¶ 89 (a).  This Court previously held in Clarence Center that an allegation of improper training may be "broadly construed as alleging that [the flight instructor] affirmatively provided insufficient training, as opposed to an absence of training." 2010 WL 5185106 at * 8.  Further, "allegations that [the flight instructor] provided insufficient and substandard training can reasonably be construed as affirmative conduct or malfeasance." Id. at * 8 (concluding that the complaint sufficiently alleged that the flight instructor launched a force or instrument of harm such that it could be found liable to a non-contracting third party).  As noted above, it matters not "whether, as a matter of New York law, the Complaint does indeed state a claim" for negligence or breach of contract, because "[f]or the purposes of establishing this Court's lack of jurisdiction, it suffices that the Complaint colorably asserts such a claim and that New York's liberal pleading rules leave open the possibility that the state court would deem the Complaint to state [such] a claim." Intershoe, Inc., 97 F.Supp.2d at 476.

Because Plaintiffs' Complaint in the instant case colorably asserts, at minimum, a

negligence claim against Kaplan, Plaintiffs' Motion to Remand is granted. See Kuperstein v. Hoffman-Laroche, Inc., 457 F.Supp.2d 467, 470 (S.D.N.Y. 2006)(if even one claim can survive, remand is warranted). This Court notes that Clarence Center was decided only six months prior to the filing of the Notice of Removal in the instant case,[4] and the conclusions therein are dispositive here. This Court therefore further concludes that the Cirrus Defendants "lacked an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). That part of Plaintiffs' motion seeking attorney fees and costs pursuant to 28 U.S.C. § 1447 (c) will also be granted.

### IV. CONCLUSION

The Cirrus Defendants have failed to establish that Kaplan was fraudulently joined for the purpose of defeating diversity jurisdiction, therefore Plaintiff's Motion to Remand is granted in its entirety. This Court will retain jurisdiction for the limited purpose of determining the award of attorneys' fees and costs. See Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005). The Cirrus Defendants' Motion to Dismiss is denied as moot.

### V. ORDERS

IT HEREBY IS ORDERED that Plaintiffs' Motion to Remand (Docket No. 27) is GRANTED in its entirety;

FURTHER, that the Cirrus Defendants' Motion to Dismiss (Docket No. 10) is DENIED as moot;

---

[4] Notably, counsel for the Cirrus Defendants also represented one of the defendants in Clarence Center and joined in the opposition to remand in that case. No. 09-CV-1039-1042, 1087, Docket No. 31 at 36.

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie;

FURTHER, that Plaintiffs shall file an affidavit describing the attorneys' fees and costs incurred in connection with Plaintiffs' Motion to Remand by April 9, 2012.

SO ORDERED.

Dated: March 6, 2012
       Buffalo, New York

                                              <u>/s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                                      Chief Judge
                                          United States District Judge