UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY, as the Executor of
the Estate of Michael H. Doran, and on behalf of
all lawful beneficiaries of the Estate of Michael H.
Doran, deceased; and KEVIN SCHNIREL, as the
Administrator of the Estate of Matthew Schnirel,
in his own right, and on behalf of all lawful
beneficiaries of the Estate of Matthew Schnirel,
deceased,

                            Plaintiffs,

        v.                                                          **DECISION AND ORDER**
                                                                    11-CV-495S

CIRRUS DESIGN CORPORATION; CIRRUS
AIRCRAFT CORPORATION; AVIDYNE
CORPORATION; S-TEC CORPORATION;
COBHAM PLC; S-TEC CORPORATION d/b/a
COBHAM AVIONICS, INTEGRATED SYSTEMS;
MEGGITT PLC; GARMIN INTERNATIONAL, INC.;
GARMIN USA, INC., GARMIN LTD; UNIVERSITY
OF NORTH DAKOTA AEROSPACE
FOUNDATION; AND STEVEN KAPLAN, ,

                            Defendants.

## I.  INTRODUCTION

        Plaintiffs commenced this action seeking damages for the deaths of their respective

decedents, Michael H. Doran and Matthew Schnirel, in a plane crash on April 28, 2009.

Defendants are the manufacturers, distributors, and retailers of the Cirrus SR-22 aircraft

or parts thereof, and the providers of flight training to Doran, who was piloting the aircraft

at the time of the crash.  In a March 6, 2012 Decision and Order, this Court granted

Plaintiffs' Motion to Remand the matter to New York State Supreme Court, Erie County.

(Docket No. 61).  Jurisdiction was retained for the limited purpose of determining the

1

amount of attorneys' fees and costs awarded Plaintiffs pursuant to 28 U.S.C. § 1447 (c). Pending before this Court is the Motion of Defendants Cirrus Design Corporation and Cirrus Aircraft Corporation ("the Cirrus Defendants") for Reconsideration of that part of the Decision and Order awarding Plaintiffs attorneys' fees and costs. (Docket No. 62).  Also pending before this Court is Plaintiffs' Motion to file exhibits under seal in support of their application for the amount of attorneys' fees, which this Court has deemed a request for an in camera review of same. (Docket Nos. 65, 67).  The Cirrus Defendants have cross-moved to either strike the application for attorneys' fees or compel Plaintiffs to produce the supporting exhibits. (Docket No. 68).

## II. DISCUSSION

### A.    Defendants' Motion for Reconsideration

The Cirrus Defendants argue[1] that because there was an objectively reasonable basis for their removal of the case to federal court, they are entitled to relief from that part of the March 6, 2012 Decision and Order awarding Plaintiffs' attorneys' fees and costs. Pursuant to Rule 60 (b), a court may relieve a party from a final judgment based upon, inter alia, mistake, inadvertence, surprise, or excusable neglect, or any other reason that justifies relief.  Fed. R. Civ. P. 60 (b)(1), (6).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)(internal quotation marks omitted); see Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994). Further,

---

[1]In support of their Motion for Reconsideration pursuant to Fed. R. Civ. P. 60 (b), the Cirrus Defendants submitted a supporting Memorandum of Law and the Declaration of Patrick Bradley, Esq., with Exs. A-C (Docket No. 62).  Plaintiffs responded with the Affirmation of Hugh M. Russ, III, Esq. (Docket No. 66), and the Cirrus Defendants submitted a Reply Memorandum of Law. (Docket No. 69).

"[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Here, this Court determined that fees were appropriate because In re Air Crash Near Clarence Center, New York, on February 12, 2009, Nos. 09-CV-1039-1042, 1087, 2010 WL 5185106 (W.D.N.Y. Dec. 12, 2010)(hereinafter "Clarence Center"), a case found to be determinative of Plaintiffs' Motion to Remand, was decided only six months prior to removal in the instant case.  Docket No. 61 at 8. It was further noted that counsel for the Cirrus Defendants also represented one of the defendants in that case. Docket No. 61 at 8 n 4. In Clarence Center, remand was warranted because it was determined that, among other things, New York's bar against education malpractice claims did not necessarily prevent plaintiffs from maintaining a negligent flight training claim against defendant FlightSafety International, Inc. 2010 WL 5185106 *8.

The Cirrus Defendants contend that Clarence Center is inapplicable to the question of fees because they were not contesting the validity of a possible education malpractice claim.  The Cirrus Defendants assert that this Court failed to consider the argument that removal was objectively reasonable because the only non-diverse defendant, flight instructor Steven Kaplan, was an agent of either the Cirrus Defendants or Defendant University of North Dakota Aerospace Foundation, and therefore could not be held individually liable under New York law.  As concluded in the prior Decision and Order, however, an agent may be held liable for his or her own affirmative acts of negligence or wrongdoing. Jones v. Archibald, 45 A.D.2d 532, 535 (N.Y. App. Div. 4th Dept 1974); see

Relieance Ins. Co. v. Morris Assocs., P.C., 200 A.D.2d 728, 730 (N.Y. App. Div. 2d Dept

1994); Zampatori v. United Parcel Serv., 125 Misc.2d 405, 410 (N.Y. Sup Ct 1984).

Relying on Clarence Center, this Court further stated:

> Here, Plaintiffs have alleged that Kaplan, among other things, was negligent
> in that he failed to "train and/or instruct plaintiff's decedent, Michael H.
> Doran, in the proper operation of the Cirrus SR-22 aircraft" and relevant
> systems. Compl. ¶ 89 (a). This Court previously held in Clarence Center that
> an allegation of improper training may be "broadly construed as alleging that
> [the flight instructor] affirmatively provided insufficient training, as opposed
> to an absence of training." 2010 WL5185106 at * 8. Further, "allegations that
> [the flight instructor] provided insufficient and substandard training can
> reasonably be construed as affirmative conduct or malfeasance."Id. at * 8
> (concluding that the complaint sufficiently alleged that the flight instructor
> launched a force or instrument of harm such that it could be found liable to
> a non-contracting third party).

Docket No. 61 at 7.  It was therefore concluded that the Complaint colorably asserted, at

minimum, a negligence claim against Kaplan.  Docket No. 61 at 7; see Intershoe, Inc. v.

Filanto S.P.A., 97 F.Supp.2d 471, 474 (S.D.N.Y. 2000)(consideration of a motion to

remand subjects a complaint to a less searching scrutiny than on a motion to dismiss for

failure to state a claim).  Accordingly, contrary to the Cirrus Defendants' contention, this

Court held in the prior Decision and Order that Clarence Center was dispositive of the

agency argument as well as any educational malpractice claim.[2] Finally, it bears repeating

that whether Kaplan was acting as an agent of another is neither established nor conceded

where, as noted in the prior Decision and Order, the Complaint alternatively asserts a

negligence claim against Kaplan in his individual capacity and the record provided no

illumination as to what contractual relationships, if any, existed between the defendants.

---

[2]Indeed, this Court even acknowledged that Defendants conceded that the issue of educational
malpractice claims was already considered in Clarence Center. Docket No. 61 at 5.

Docket No. 61 at 6. The Cirrus Defendants' Motion for Reconsideration is therefore denied.

**B.      Plaintiffs' Application for Attorneys' Fees.**

In response to the Court's order to file an affidavit detailing attorneys' fees and cost incurred in connection with Plaintiffs' Motion to Remand, Plaintiffs submitted the affirmation of Hugh M. Russ, III, Esq. Docket No. 64. Russ stated therein that a review of records revealed "that I spent 27.4 hours working to oppose the motions to remand and dismiss. My firm charges my time for this work at the rate of $350 per hour. Therefore, my fees in connection with these motions amount to $9,590." Id. ¶ 3. Russ further stated that "co-counsel, Daniel Rose, of Kreindler & Kreindler, also worked to oppose these motions. At the rate of $350 per hour for [Rose], and $200 per hour for his associate, Jared Watkins, his firm incurred fees of $11,362.50. His firm also incurred costs of $459.24." Id. ¶ 5. No further specification is provided in the affirmation, but Plaintiffs moved[3] to submit two supporting exhibits "under seal" on the ground that these exhibits were billing records containing "attorney-client information, as well as information concerning legal strategy." Affirmation of Hugh M. Russ, III, Esq., Docket No. 65-1, ¶ 4. Because Plaintiffs requested that these documents be reviewed by the Court without disclosure to the Cirrus Defendants, the Court deemed the motion as one for in camera review. Docket No. 67. The Cirrus Defendants responded with a cross-motion to strike the application for attorneys' fees or, alternatively, compel the supporting exhibits. Docket No. 68.

---

[3]In support of this motion, Plaintiffs submitted the Affirmation of Hugh M. Russ, III, Esq. (Docket No. 65). The Cirrus Defendants responded with a Cross-Motion to Strike or Compel, in support of which was submitted the Declaration of Patrick E. Bradley, Esq., with Exs. A-D, and a Supporting Memorandum of Law. (Docket No. 68). Plaintiffs did not file a response to the cross-motion.

"[A] party seeking attorneys' fees bears the burden of properly documenting the hours worked and that obligation is not satisfied by a vague entry such as 'conference with' or 'call to' a particular person." CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A., No. 07-CV-11078, 2011 WL 4526132, *4, citing Connecticut Hosp. Ass'n v. O'Neill, 891 F.Supp. 687, 690–91 (S.D.N.Y. 1994).  Plaintiffs are required to submit "contemporaneous billing records, time sheets or other documented, authentic, and reliable time records" sufficient to establish the hours and costs accrued in connection with Plaintiff's Motion to Remand.  Murray ex rel. Murray v. Mills, 354 F.Supp.2d 231, 238 (E.D.N.Y. 2005), citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  Here, it is unclear from a review of Plaintiffs' arguments and the exhibits themselves exactly what information therein is believed to indicate attorney-client confidences or legal strategy not already revealed in Plaintiffs' motion papers; indeed, the substance of these billing documents can reasonably be anticipated by Court and Defendants alike.  Accordingly, Plaintiffs' request that costs and fees be based upon an in camera review of the billing documents is denied.  Defendants' cross-motion is granted to the extent that Plaintiffs are ordered to produce proper documentation in support of their fee application.  To the extent, if any, that documentation contains information unnecessary to establish the fees and costs incurred as a result of removal, that information may be redacted.  See generally CDO Plus Master Fund Ltd., 2011 WL 4526132, *4.

## III.  ORDERS

IT HEREBY IS ORDERED that the Cirrus Defendants' Motion for Reconsideration (Docket No. 62) is DENIED;

FURTHER, that Plaintiffs' Motion for an In Camera Review (Docket No. 65) is

6

DENIED;

FURTHER, that the Cirrus Defendants' Cross-Motion (Docket No. 68) is GRANTED IN PART to the extent stated above, and otherwise DENIED;

FURTHER, that Plaintiffs shall file documentation in support of the requested amount of fees and costs within fourteen days of the date of this Decision and Order, and any response or reply shall be filed in accordance with the deadlines set forth in Local Rule 7 (b)(2)(B).

SO ORDERED.

Dated:   May 30, 2012
             Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge